**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 02-30702
Summary Calendar**

---

**STACY SIBLEY, ET. AL.,**

**Plaintiffs,**

**versus**

**EXXON MOBIL CORPORATION, also known as Exxon Company, USA,**

**Defendant-Third Party Plaintiff-Appellant,**

**versus**

**TUBE TURNS TECHNOLOGIES, INC.,**

**Third Party Defendant-Appellee.**

---

**Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-1128)**

---

January 15, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Rule 54(b) judgment, ExxonMobil appeals the summary judgment awarded third-party defendant Tube Turns Technologies, Inc., claiming a genuine issue of material fact exists concerning the unreasonable dangerousness of a steel pipe manufactured by Tube Turns.  On the other hand, ExxonMobil did not

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present any evidence that Tube Turns knew that the pipe in question was supposed to meet specifications provided to a third party by ExxonMobil.

A summary judgment is reviewed *de novo*. *E.g., Caboni v. General Motorist Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). "Summary judgment is proper only 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law'." *Id.* (quoting *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 482 (5th Cir. 2000) (quoting Fed. R. Civ. P. 56(c))). "We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original).

ExxonMobil contends Tube Turns' manufacturing of a carbon steel pipe, as opposed to the chromium steel pipe it ordered from a third party intermediary, was unreasonably dangerous both in construction and composition and because it did not comply with an express warranty. The crux of ExxonMobil's claim is not that the pipe was unreasonably dangerous *per se*, but, rather, that the

2

carbon steel pipe was unreasonably dangerous with regard to the manner in which Tube Turns knew, by virtue of the chromium steel specifications in the purchase order, it would eventually be used by ExxonMobil.  But, ExxonMobil has offered no evidence that Tube Turns received an order specifying chromium steel in the pipe.  All that ExxonMobil has offered is evidence that a third-party intermediary was given an order for a chromium steel pipe.

*AFFIRMED*

3